# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TERRY BACH, JR., | : | |
|     Plaintiff, | : | Case No. 3:11cv00317 |
|  vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| SCOTT DRERUP, *et al.*, | : | |
|     Defendants. | : | |

## DECISION AND ENTRY

This case is presently before the Court upon Plaintiff Terry Bach, Jr.'s Motion to File Amended Complaint and to Add Parties (Doc. #19), Defendants' Motion to Modify Preliminary Pretrial Conference Order (Doc. #22), and the record as a whole.

Plaintiff "moves this Court to grant leave to file an Amended Complaint and name an additional cause of action (Retaliation Claim), and for leave to add additional parties when their identities are determined." (Doc. #19 at 1). Defendants have not filed a Response in Opposition.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, courts "should freely give leave [to amend] when justice so requires." Nonetheless, "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."

*Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 187, 83 S. Ct. 227 (1962)).

In this case, there is no reason for this Court to believe that Plaintiff's motion is brought in bad faith, for dilatory purposes, would result in undue delay or prejudice to the opposing party, or is futile, and Defendants will suffer no prejudice as a result of Plaintiff's Amended Complaint. Accordingly, Plaintiff's Motion to File Amended Complaint and to Add Parties (Doc. #19) is well taken.

Due in part to Plaintiff's Motion to File Amended Complaint and to Add Parties (Doc. #19), Defendants request "additional time to investigate the merit of these recent allegations," and "therefore, request the Court to modify the Preliminary Pretrial Conference Order to extend Defendants' disclosure of primary experts to April 19, 2012." (Doc. #22 at 2). Defendants state "[t]he requested modification will not affect any other deadlines set forth in the Preliminary Pretrial Conference Order," and that "[t]he present request is not made for purposes of delay, but only to thoroughly evaluate Plaintiff's claims and make a determination of the need for expert testimony." (*Id.*). Based on the amendment of Plaintiff's Complaint, Defendants' Motion to Modify Preliminary Pretrial Conference Order (Doc. #22) is well taken.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion to File Amended Complaint and to Add Parties (Doc. #19) is GRANTED;

2. Plaintiff is directed to file and serve a copy of the Proposed Amended

Complaint (Doc. #19-1) on Defendants as Plaintiff's First Amended Complaint **on or before March 26, 2012**.

3. Defendants' Motion to Modify Preliminary Pretrial Conference Order (Doc. #22) is GRANTED; and,

4. Defendants' disclosure of primary experts is due no later than April 19, 2012. Plaintiff's disclosure of rebuttal experts is due by May 18, 2012. All other deadlines set forth in the Preliminary Pretrial Conference Order (Doc. #16) remain unchanged.

March 16, 2012

                s/ Sharon L. Ovington
                 Sharon L. Ovington
               United States Magistrate Judge